Khachatur **BALBABYAN**, Petitioner,

v.

Alberto **GONZALES**, Attorney General, U.S. Department of Justice, Michael Chertoff, Secretary, Department of Homeland Security, Respondents.

Nos. 06–3265–ag(L), 06–4502–ag(Con).

United States Court of Appeals, Second Circuit.

Aug. 20, 2007.

Joseph C. Hohenstein, (James J. Orlow, on the brief), Orlow & Orlow, Philadelphia, PA, for Petitioner.

Keith McManus, Attorney, Office of Immigration Litigation, Washington, D.C. (Peter D. Keisler, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, Washington, D.C., on the brief) for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Khachatur Balbabyan, a native of the former Soviet Union and citizen of Armenia, seeks review of a June 13, 2006 order of the BIA affirming the March 1, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying Balbabyan's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Khachatur Balbabyan,* No. A95 165 635 (B.I.A. June 13, 2006), *aff'g* No. 95 165 635 (Immig. Ct. N.Y. City Mar. 1, 2005). Balbabyan also seeks review of an August 30, 2006 order of the BIA denying his motion to reconsider the decision in its June 13, 2006 order. *In re Khachatur Balbabyan,* No. A95 165 635 (B.I.A. Aug. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusions and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the sub-

stantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–06 (2d Cir.2005); *Tian–Yong Chen v. U.S. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Substantial evidence does not support the IJ's adverse credibility determination. First, the IJ erred in finding that Balbabyan's testimony was "vague and speculative." The record reflects that Balbabyan provided numerous details regarding the political activities in which he participated that resulted in his being detained and/or beaten, and that he specifically identified the perpetrators, either by name, political affiliation, or official capacity. Further, the record does not indicate that either the IJ or the Government "probe[d] for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003), *overruled on other grounds by Shi Liang Lin,* 494 F.3d at 304–05. Without so probing,

the IJ's unsupported finding that Balbabyan's testimony was "vague" cannot substantiate an adverse credibility finding. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114–15 (2d Cir.2005) (holding that the record did not support the agency's adverse credibility finding in the absence of additional probing). Finally, the IJ was incorrect in her determination that the ability of Balbabyan's brother to remain in Albania unharmed undermined Balbabyan's claim. The choice of a family member, who has also been threatened, to remain in the home country "should generally not be used to impugn an applicant's claim." *Uwais v. U.S. Attorney Gen.,* 478 F.3d 513, 519 (2d Cir.2007).

The remaining factors in the IJ's adverse credibility determination pertain to a lack of corroboration. However, a failure to corroborate cannot form the sole basis for an adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).[1] In fact, the BIA's and IJ's decisions regarding corroboration are not supported by substantial record evidence.

Most obviously, although the IJ stated that medical records were "startlingly absent" in Balbabyan's case, she promptly contradicted this conclusion by noting that Balbabyan had submitted medical records regarding injuries sustained in a car accident. Although the IJ discounted the corroborative value of these records, dismissing the accident as relatively unimportant to Balbabyan's persecution claim, the record is to the contrary. Balbabyan testified in some detail as to how his car was intentionally struck by the supporter of a political leader whose corruption had been dis-

---

1. *Tun v. U.S. INS,* 445 F.3d 554 (2d Cir.2006), cited by respondent, is not to the contrary. In *Tun,* the IJ identified inconsistencies within a petitioner's testimony as well as between that testimony and documentary evidence.

*See id.* at 561. By contrast, in this case, the IJ only faulted petitioner's explanations for the absence of corroborating evidence, identifying no testimonial inconsistencies or implausibilities.

cussed in a television program produced by the petitioner.

Similarly flawed was the IJ's rejection of medical records documenting injuries Balbabyan sustained in this car accident on the ground that the documents were not issued contemporaneously with the treatment. Balbabyan explained that he had not saved the discharge documents that he received when he was released from the hospital and that his family had obtained the submitted records on his behalf. While the IJ was not required to credit this explanation, she was required to give it fair consideration. *See Cao He Lin*, 428 F.3d at 403. On the record before us, we cannot confidently conclude that this occurred. A similar concern arises with respect to other corroborative evidence proffered by petitioner and seemingly discounted by the IJ.

In light of the identified flaws in the agency's analysis, this case requires remand on Balbabyan's asylum claim because it cannot be stated with confidence that the agency would adhere to the same decision absent the errors. *See Xiao Ji Chen*, 471 F.3d at 339–40. Accordingly, we need not reach the BIA's denial of Balbabyan's motion to reconsider. *See Heu Long Siong v. INS*, 376 F.3d 1030, 1042 (9th Cir.2004) (declining to consider the BIA's denial of a motion to reopen in a consolidated petition for review because the case was being remanded for reevaluation of the underlying claim). Finally, because Balbabyan did not raise his withholding of removal or CAT claims before the BIA, this Court lacks jurisdiction to hear them. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 188 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED, in part, and GRANTED, in part, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.